

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | No. 10 C 348 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| ) | |
| CURTIS SMITH, ) | |
| ) | |
| Defendant-Movant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

On April 11, 2008, a jury convicted Movant Curtis Smith of unlawful possession of a firearm and possession with intent to distribute a controlled substance, namely cocaine and heroin. On October 8, 2008, the Court sentenced Smith to 262 months imprisonment, in accordance with the Armed Career Criminal provisions of the United States Sentencing Guidelines. U.S.S.G. § 4B1.4. On August 12, 2009, the Seventh Circuit affirmed Smith's conviction and sentence. *United States v. Smith*, 341 Fed. Appx. 206, 207 (7th Cir. 2009).

Smith now moves, pursuant to 28 U.S.C. § 2255, for various forms of relief from his conviction and sentence. He sets forth a variety of claims, including: (1) that he was denied the right to a fair trial because there was insufficient evidence to convict him; (2) that the Court erred by allowing the Government to cross-examine Smith regarding his prior convictions; (3) that the Court improperly instructed the jury on evidence introduced regarding prior bad acts; (4) that the Government engaged in prosecutorial misconduct; (5) that the Court erred in failing to force the Government to produce the confidential informant as a witness; (6) that the Court erred in

1

considering him an Armed Career Criminal for sentencing purposes; and (7) that he received ineffective assistance of counsel. For the following reasons, the Court DENIES Smith's motion.

## I. Insufficient evidence

Smith's arguments regarding the credibility of witnesses and the weight of testimony and evidence are inappropriate at this stage of the proceedings. The arguments amount to an attempt to have the Court reweigh the evidence, which is the province of the jury. *United States v. Hampton*, 585 F.3d 1033, 1041-42 (7th Cir. 2009). Smith already had the opportunity to cross-examine the witnesses and to present his case to the jury.

## II. Evidence of prior convictions

Smith objects to the fact that the Court allowed the Government to introduce evidence of Smith's prior rape convictions and argues that the Court erred in instructing the jury about how to consider that evidence.

Insofar as Smith is challenging the Court's evidentiary ruling, he must show that the ruling resulted in such extreme prejudice that it "compromise[d his] due process right to a fundamentally fair trial." *Howard v. O'Sullivan*, 185 F.3d 721, 723-24 (7th Cir. 1999). Smith clearly cannot succeed on such an argument because he was responsible for introducing the evidence of his prior bad acts. Despite the Court's ruling that the prosecution could not introduce the evidence, Smith decided to take the stand and affirmatively state that the reason he was targeted by the police was not that he was selling drugs, but because they knew that he was a convicted sex offender. Then, he claimed that he had not committed the offense for which he was convicted, and that he had never raped anyone. Consequently, Smith opened the door for the prosecution to cross-examine him on his claims and present evidence regarding his prior convictions. The evidence was not offered in order

to show his propensity for committing such acts, but for impeachment and credibility purposes, and the Court instructed the jury as to its proper use. Smith is certainly reasonable to assume that the evidence may have prejudiced him, but he was responsible for its presentation, and the jury was instructed in order to avoid undue prejudice. Thus, Smith was not denied a right to a fair trial.

Because the evidence was properly introduced for the reasons stated above, Smith's claim that its introduction constitutes prosecutorial misconduct also fails.

### III. Prosecutorial misconduct

Smith makes some additional claims of prosecutorial misconduct. He argues that the prosecution prejudiced him by destroying the gun the police recovered and the van he was in at the time of his arrest. There is no evidence in the record regarding the destruction of the van, and Smith therefore has no basis for making that claim. The evidence regarding the destruction of the gun was presented at trial, and showed that the Chicago Police mistakenly destroyed the gun when they were notified that the State of Illinois would not be charging Smith with a gun possession crime because the police did not check whether the federal government was pursuing charges. There is no evidence that the prosecutors in this case were involved in the gun's destruction, and there is ample evidence that they were not. Smith does not present any previously undisclosed evidence regarding the gun's destruction. There is simply no basis for a finding of prosecutorial misconduct.

Smith also argues that the prosecution engaged in misconduct by failing to produce the confidential informant at trial. The evidence showed that, although the police initially planned on employing a confidential informant for the purposes of conducting a controlled purchase of narcotics from Smith, they abandoned that plan and asked the confidential informant to leave after witnessing Smith engage in a narcotics transaction themselves. Smith apparently believes he was prejudiced by

the informant's failure to testify at trial. However, this is the first time Smith has raised this argument, and because he could have raised it at trial or on direct appeal, it is procedurally defaulted. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). His argument that the Court erred in failing to force production of the confidential informant fails for the same reason.

The Court also denied Smith motion to produce the confidential informant for a pre-trial suppression hearing. To the extent Smith is challenging that decision in his petition, he is unable to show the requisite prejudice. Smith argued that the confidential informant should be made available to testify as to whether he witnessed Smith engage in the transaction at issue from a nearby car. The Court found, based on the police officers' statements that they witnessed Smith engage in the drug transaction, that an evidentiary hearing was unnecessary to determine whether the officers' search of Smith's van was reasonable. The Court found that Smith had not shown that the informant's testimony was so useful as to overcome the confidential informant privilege because: (1) the confidential informant could not testify as to what the officers saw; (2) the informant was present only because he had already informed the officers that Smith sold drugs from his van and set up a transaction with Smith in the officers' presence; and (3) there was at least one other witness involved in the alleged transaction who could be called to testify about whether a transaction took place. *See United States v. Andrus*, 775 F.2d 825, 841-42 (7th Cir. 1985) (holding that defendant bears burden of showing a "genuine need for disclosure" of informant's identity).

### IV. Armed career criminal status

Smith argues that it was improper for the Court to consider convictions older than fifteen years in deciding whether he qualified as an armed career criminal under U.S.S.G. § 4B1.4. Smith is correct that U.S.S.G. § 4A1.2(e) excludes convictions older than fifteen years from consideration for

purposes of calculating criminal history under § 4A1.1. However, the time limit in § 4A1.2(e) does not apply to the determination of whether a defendant is an armed career criminal. *United States v. Paul*, 156 F.3d 403, 404 (2d Cir. 1998) (citing U.S.S.G. § 4B1.4, application note 1).

Smith also argues that his conviction for aggravated battery does not qualify as a crime of violence, and that he therefore lacks sufficient criminal history to qualify as an armed career criminal. Once again, this is the first time Smith has raised this argument, and because he could have raised it at trial or on direct appeal, it is procedurally defaulted. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

## V. Ineffective assistance of counsel

In order to succeed on his claim of ineffective assistance of counsel, a § 2255 movant must meet both prongs of a test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984). First, he must show that his counsel's performance "fell below an objective standard of reasonableness. *Id.* at 688, 104 S. Ct. at 2064. Second, he must show that his counsel's deficient performance prejudiced his defense. *Id.* More specifically, he must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

Most of Smith's claims of ineffective assistance are based on his belief that his counsel failed to point out many of the errors he raises in this motion. For instance, he argues that his trial counsel should have objected to the prosecution's descriptions of his prior bad acts during closing. However, for all of the reasons set forth above, the purported errors Smith points to were not actually errors. Thus, his counsel was not ineffective by failing to object.

Smith also argues that his appellate counsel was ineffective for failing to produce evidence of his mental and physical conditions, his medications, and the abuse he suffered in prison. However, the role of appellate counsel is not to produce new evidence. Thus, Smith's claim fails.

## CONCLUSION

For all of the above reasons, the Court DENIES Movant's motion.

IT IS SO ORDERED.

8/15/11
Dated

Hon. William J. Hibbler
United States District Court